## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Francisco T., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Sirce Owen, *Acting Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; Peter Berg, *Director, Ft. Snelling Field Office Immigration and Customs Enforcement*; and Joel L. Brott, *Sheriff of Sherburne County*; <br><br> Respondents. | File No. 25-CV-03219 (JMB/DTS) <br><br><br><br> **ORDER** |

David L. Wilson, Cameron Lane Youngs Giebink, and Clara Ester Fleitas-Langford, Wilson Law Group, Minneapolis, MN, for Petitioner Francisco T.

Ana H. Voss and Lucas B. Draisey, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Attorney General; Kristi Noem, Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Immigration and Customs Enforcement; Immigration and Customs Enforcement; Sirce Owen, Executive Office for Immigration Review; Executive Office for Immigration Review; Peter Berg, Fort Snelling Field Office Immigration and Customs Enforcement; and Joel L. Brott, Sherburne County Sheriff's Office.

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz (Doc. No. 20) on Petitioner Francisco T.'s Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1

1

[hereinafter, "Pet."]). Respondents Pamela Bondi, Attorney General; Kristi Noem, Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Immigration and Customs Enforcement (ICE); ICE; Sirce Owen, Executive Office for Immigration Review; Executive Office for Immigration Review; Peter Berg, Fort Snelling Field Office ICE; and Joel L. Brott, Sherburne County Sheriff's Office (together, Respondents) and Francisco T. objected to the R&R. (Doc. Nos. 22, 23.) For the reasons explained below, the Court adopts the R&R over the parties' objections.

## BACKGROUND

The factual background for this matter is set forth in the R&R. Because the R&R provides a detailed history, the Court incorporates it and only summarizes it here.

### A. Francisco T.'s Arrest and Detention

Francisco T. is a native and citizen of Mexico who entered the United States without inspection more than a decade ago and has resided in the United States ever since. (Pet. ¶¶ 32, 37; Doc. No. 7-2.) On July 25, 2025, agents of the Grand Forks Sector Border Patrol and the ICE St. Paul Field Office arrested Francisco T. at a gas station for being illegally present in the United States. (Pet. ¶ 45; Doc. No. 7-3 at 2.) Respondents served Francisco T. with a Notice to Appear in Immigration Court, thereby initiating removal proceedings under 8 U.S.C. § 1229a. (Doc. No. 7-2.)

On August 3, 2025, Francisco T. requested a bond redetermination hearing before the Immigration Court in Fort Snelling, Minnesota. (Pet. ¶ 48; Doc. No. 7-4.) On August 5, 2025, after a hearing, an Immigration Judge denied the requested redetermination on the grounds that Francisco T. was "properly categorized as an

2

applicant for admission, and that the Court did not have jurisdiction to release [him] under INA section 235(b)(2)."[1] (Doc. No. 7-5 at 3.)

## B. This Action

On August 12 and 13, 2025, Francisco T. filed the Petition and an emergency motion seeking injunctive relief.[2] Respondents' sole response to the Petition was that Francisco T. is subject to mandatory detention under section 1225(b)(2) as a matter of statutory interpretation. (Doc. No. 11.) After an expedited briefing schedule, on August 29, 2025, the Court entered a preliminary injunction (PI) granting Francisco T.'s request for a bond hearing within seven days pursuant to 8 U.S.C. § 1226(a). (Doc. No. 17 at 11.) On September 3, 2025, the Immigration Court ordered that Francisco T. be released from custody under a bond of $9,000. (Doc. No. 19 at 1.)

Magistrate Judge Schultz issued an R&R on Francisco T.'s Petition on September 5, 2025. (Doc. No. 20.) After lengthy analysis, the Magistrate Judge rejected Respondents' arguments and concluded that Francisco T. is not properly subject to mandatory detention under section 1225(b)(2). (Doc. No. 20 at 26.) The R&R concluded that Francisco T. was

---

[1] INA § 235(b)(2) is codified within 8 U.S.C. § 1225(b)(2). Francisco T. explains that the IJ's determination was made pursuant to a policy memorandum announced by ICE, "in coordination with" the Department of Justice, on July 8, 2025, entitled, "Interim Guidance Regarding Detention Authority for Applicants for Admission," which claims that all persons who entered the United States without inspection are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as "applicants for admission." (Pet. ¶¶ 40–41; Doc. No. 5 at 3; *see also* Doc. No. 7-7.)

[2] In the emergency motion, Francisco T. sought a temporary restraining order (TRO) to enjoin Respondents from moving him outside of this District for the duration of this action and to require Respondents to provide him with a bond hearing in accordance with 8 U.S.C. § 1226(a) within seven days. (Doc. No. 3 at 2–3.)

not subject to mandatory detention under section 1225(b)(2), recommended granting the Petition insofar as holding that Francisco T. was entitled to a bond hearing, and declined to reach Francisco T.'s other requests for relief. (*Id.* at 26–28.)

## DISCUSSION

Respondents objected to the R&R's legal analysis and conclusion that Francisco T. is not subject to mandatory detention under section 1225(b)(2). (Doc. No. 23 at 1.) While Francisco T. agreed with the R&R's legal analysis and conclusion that he is not subject to mandatory detention under section 1225(b)(2), he objected to the portion of the R&R that declined to analyze his causes of action related to APA violations. (Doc. No. 22.)[3] For the reasons discussed below and upon de novo review, *see* 28 U.S.C. § 636(b)(1), D. Minn. L.R. 72.2(b), the Court overrules Respondents' Objections, overrules Francisco T.'s Objections, and adopts the R&R.

### A.   Applicability of Section 1226(a)(1) to Francisco T.'s Detention

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). The right

---

[3] In addition to requesting a bond hearing (Pet. at 31, ¶ 5), the Petition seeks a variety of additional relief, including various declaratory judgments: that Respondents actions were arbitrary and capricious, violated immigration regulations, failed to satisfy the notice and comment requirements of the Administrative Procedures Act (APA), and violated the Fifth Amendment Due Process Clause (*id*. at 31–32, ¶¶ 6–8, 10). However, the Court finds that the decision to grant the portion of the Petition requiring a bond hearing is the primary relief available under 28 U.S.C. § 2241. Therefore, the Court declines to address the additional relief requested and overrules Francisco T.'s objection.

to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

In the Petition, Francisco T. asserts that he was being detained in violation of immigration laws because he was not subject to mandatory detention under section 1225(b)(2) and was instead subject to detention under section 1226(a) and entitled to a bond hearing. (Pet. ¶ 110.) Respondents argued that Francisco T. was properly detained pursuant to the mandatory detention provisions of section 1225(b)(2) because he entered the United States without inspection or admission and is therefore deemed an "applicant for admission" under the statute. (Doc. No. 23 at 7.) Upon de novo review, the Court agrees with and adopts the R&R's analysis. (Doc. No. 20 at 6–26.) Consistent with this analysis, other courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *E.g. Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases). Respondents' Objection to the R&R's legal analysis and conclusion that Francisco T. is

not subject to mandatory detention under section 1225(b)(2) is overruled.[4]

### B.     Ongoing Applicability of Section 1226(a)(1) to Francisco T.

On September 3, 2025, Francisco T. was released from custody by the Immigration Court after his bond hearing.  (Doc. No. 19 at 1.)  In the context of habeas corpus, a case is often rendered moot when the petitioner is no longer in custody.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005); *Kargbo v. Brott*, No. 15-CV-2713 (PJS/LIB), 2016 WL 3676162, at *1–3 (D. Minn. July 6, 2016). However, because Francisco T. was in custody when he filed his petition for a writ of habeas corpus (Pet. ¶ 14), "his subsequent release from custody does not automatically moot this [petition] in the Article III sense."  *Ali*, 419 F.3d at 724 (citing *Spencer*, 523 U.S. at 7).  A habeas petition should not be dismissed as moot if "the issue is deemed a wrong capable of repetition yet evading review."  *Newton v. Barnes*, No. 19-CV-1037 (ECT/ECW), 2019 WL 2743712, at *1 (D. Minn. July 1, 2019) (citation omitted) (internal quotation marks omitted).  This exception applies where the challenged action is too short in its duration to be fully litigated before it ends or expires, and there is a "reasonable expectation that the same complaining party [will] be subject to the same action again." *United States v. Dunlap*, 719 F.3d 865, 867 (8th Cir. 2013) (alteration in original) (citing *Spencer*, 523 U.S. at 17) (internal quotation marks omitted).

---

[4] To the extent that the portions of the Objections can be construed as objecting to the R&R for failing to make a recommendation as to the applicability of sections 1225(b)(2) and 1226, the Court concludes that any such objection mischaracterizes the R&R.  The R&R plainly recommended that Francisco T. was entitled to a bond hearing pursuant to section 1226(a)(1).  (Doc. No. 20 at 6–26) (explaining that "the Court recommends concluding that Francisco T. is not properly subject to mandatory detention under § 1225(b)(2).")

Here, Respondents stated that "[i]f the Court vacates the PI without reducing the interim remedy to a final order, the government would be free to re-detain [Francisco T.] under § 1225(b)(2)." (Doc. No. 24 at 1.)  Therefore, Francisco T. has a reasonable expectation that Respondents could take him into custody again, and the question of the ongoing applicability of section 1226(a)(1) is not moot.[5]  The Court grants the petition and holds that, absent some intervening event, should Respondents re-detain Francisco T., he will once again be entitled to a bond hearing pursuant to section 1226(a)(1) and not subject to detention under section 1225(b)(2).

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court OVERRULES Petitioner's Objections (Doc. No. 22) to the R&R.

2. The Court OVERRULES Respondents' Objections (Doc. No. 23) to the R&R.

3. The Court ADOPTS the R&R. (Doc. No. 20.)

4. The Court GRANTS the Petition insofar as it requests that Respondents must provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) if Petitioner is re-detained.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

[5] *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), applied these Respondents' interpretation of the meaning of section 1225(b)(2), and this decision is binding on all Immigration Judges. *Hurtado*, at 225.  Therefore, were an Immigration Judge in this matter to start anew or reconsider the bond decision in this matter, the Court finds it likely that the Immigration Judge would conclude that mandatory detention under section 1225(b)(2) applies to Francisco T.

Dated:  November 19, 2025             /s/ *Jeffrey M. Bryan*
                                                                Judge Jeffrey M. Bryan
                                                                United States District Court